Ross Cornell, Esq.   (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email:  *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Bryan Williams

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Bryan Williams, | Case No. |
|---|---|
| Plaintiff, | 2:18−cv−09232−RGK−JEM |
| v. | **PLAINTIFF'S CASE STATEMENT** |
| John Caoson Nguyen, et al., | |
| Defendants. | |

1.   <u>ADA VIOLATIONS:</u>

As of the filing of the complaint in this action, the specific ADA violations at 13961 Nautilus Dr., Garden Grove, CA 92843 (the "Subject Property") that formed the basis of the complaint were as set forth below.  As of today's date, no Defendant has advised Plaintiff that any remedial work has been accomplished in response to the lawsuit to address, remediate, repair, alter or otherwise provide access regarding any of the following items, all of which were identified clearly in the Complaint:

-1-
**PLAINTIFF'S CASE STATEMENT**

A.     The Subject Property lacks the minimum required number of ADA compliant accessible parking spaces.

B.     There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to any designated accessible parking space(s) serving the Subject Property.

C.     The designated "accessible" parking space(s) and/or blue striped access aisles provided at the Subject Property are smaller than permitted by the ADA.

D.     The designated "accessible" parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA. Among other things, they fail to provide tow-away signage and "Minimum Fine $250" signage as required by the ADA and state law to be posted near the designated accessible parking space(s).

E.     The designated "accessible" parking spaces at the Subject Property do not provide the universal symbol of accessibility.

F.     There is no twelve-inch high "NO PARKING" lettering on the blue-striped parking access aisle(s) serving the Subject Property.

G.     There was no designated "van accessible" parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed.

H.     There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

-2-

**PLAINTIFF'S CASE STATEMENT**

I.     The service counters, point of sale machines and/or self-serve equipment serving the Subject Property are not within an operable reach range.

J.     Plaintiff is entitled to seek the removal of barriers whether he encountered them or not [*Molski v. Arciero Wine* (2008) 164 Cal.App.4th 786], has the right to pursue the removal of barriers effecting his disability that are discovered during his expert inspection [*Doran v. 7-Eleven, Inc.* (9th Cir. 2007) 524 F.3d 1034], and is not obligated to engage in futile gestures in order to demonstrate standing to remove barriers related to his disability [*Pickern v. Holiday Quality Foods* (9th Cir. 2002) 293 F.3d 1133, 1136].  Accordingly, Plaintiff expressly reserves the right to pursue the removal of barriers not identified herein that are discovered during an expert inspection on the interior and exterior customer areas of the Subject Property.  On information and belief, the paths of travel and turning radiuses serving the interior of business locations at the Subject Property do not comply with the ADA because they provide unreasonably narrow paths of travel and turning radiuses, the service counters, point of sale machines and/or self-serve equipment serving the Subject Property are not within an operable reach range and the restrooms do not comply with minimum ADA requirements.  These and other matters will be confirmed and documented upon the Plaintiff's expert inspection.

/ / /

/ / /

/ / /

**PLAINTIFF'S CASE STATEMENT**

**2.**   **DAMAGES:**

Plaintiff claims entitlement to minimum statutory damages of $4,000 for **each instance** of discrimination and/or deterrence at the Subject Property as of today's date.  Plaintiff makes no claim for physical injury or property damage.

Dated: January 22, 2019      LAW OFFICES OF ROSS CORNELL, APC

By:_____/s/ *Ross Cornell*_____
Ross Cornell, Esq.,
Attorneys for Plaintiff,
BRYAN WILLIAMS

– 4 –
**PLAINTIFF'S CASE STATEMENT**